**WHITE AND WILLIAMS LLP**
Gabriel E. Darwick, Esq.
One Gateway Center, Suite 910
Newark, New Jersey  07102
(201) 368-7200
darwickg@whiteandwilliams.com
*Attorneys for Defendant Zurich American Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DORCA CO., INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>       Defendant. | Civil Action No.:<br><br><br>**NOTICE OF REMOVAL** |

**TO:**  **THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF NEW JERSEY**

  **PLEASE TAKE NOTICE** that Defendant Zurich American Insurance Company ("ZAIC") hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441, et seq., and alleges as follows:

  1.  Plaintiff Dorca Co., Inc. ("Dorca") has commenced an action against ZAIC in the Superior Court of New Jersey, Law Division, Ocean County, captioned Dorca Co., Inc. v. Zurich American Insurance Company, under Docket Number OCN-L-1930-24. (**Exhibit 1**).

2.      On August 5, 2024, the Commissioner of the New Jersey Department of Banking and Insurance accepted original service of process of Dorca's Complaint on behalf of ZAIC. (**Exhibit 2**).

3.      Based on the foregoing, ZAIC has filed this Notice of Removal within thirty (30) days of receipt as required by U.S.C. § 1446(b). No further proceedings have occurred in this action except for the August 20, 2024 filing of a Stipulation extending ZAIC's time to answer, move or otherwise respond to Dorca's Complaint to October 9, 2024. (**Exhibit 3**).

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Accordingly, this action is one that may be removed to this Court by ZAIC pursuant to 28 U.S.C. § 1441 in that it is a civil action where the matter in controversy is likely to exceed the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

5.      Dorca is at the time of Removal, and was at the time this action was commenced, a citizen and resident of the State of New Jersey. (**Exhibit 1**).

6.      ZAIC is at the time of Removal, and was at the time of the institution of this action, a company organized and existing by virtue of the laws of the State of New York with its principal place of business in the State of Illinois. (**Exhibit 1 and Exhibit 4**).

7.      Dorca seeks a declaratory judgment that ZAIC is obligated to defend and indemnify Dorca under an insurance policy in an underlying action captioned Jane Doe (P.B.) v. Wyndham Hotels & Resorts, Inc., et al., Case No. 1:23-cv-01493-ESK-EAP (the "Underlying Action"), currently pending in the United States District Court for the District of New Jersey.

8.      In the Underlying Action, Jane Doe seeks to recover monetary damages against Dorca under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §

1561 et seq. Specifically, Jane Doe alleges that Dorca operated the Ramada Inn located at 2373 US Route 9, Toms River, New Jersey (the "Hotel") and knowingly benefitted from Jane Doe's sex trafficking at the Hotel through the renting of hotel rooms which Dorca "knew or should have known," based on alleged "red flag" indica of trafficking, were being used in connection with Jane Doe's sex trafficking. (**Exhibit 1**).

9.     In Count One of Dorca's Complaint, Dorca demands judgment against ZAIC declaring that ZAIC must fully defend Dorca in the Underlying Action, fully reimburse Dorca for all attorneys' fees and costs incurred to date in the Underlying Action, awarding Dorca all reasonable attorneys' fees and costs incurred in this action, and for such other relief as the court deems fair, equitable and just. (**Exhibit 1**).

10.     In Count Two of Dorca's Complaint, Dorca alleges that ZAIC breached its insurance contract with Dorca by failing to fully defend Dorca in the Underlying Action. Dorca demands judgment against ZAIC declaring that ZAIC must fully defend Dorca in the Underlying Action, fully reimburse Dorca for all attorneys' fees and costs incurred to date in the Underlying Action, awarding Dorca all reasonable attorneys' fees and costs incurred in this action, compensatory damages, and for such other relief as the court deems fair, equitable and just. (**Exhibit 1**).

11.     In Count Three of Dorca's Complaint, Dorca alleges that ZAIC breached its duty of good faith and fair dealing by refusing to fully defend Dorca in the Underlying Action. Dorca demands judgment against ZAIC declaring that ZAIC must fully defend Dorca in the Underlying Action, fully reimburse Dorca for all attorneys' fees and costs incurred to date in the Underlying Action, awarding Dorca all reasonable attorneys' fees and costs incurred in this action, compensatory damages, punitive damages, and for such other relief as the court deems fair,

equitable and just. (**Exhibit 1**).

12.     In Count Four of Dorca's Complaint, Dorca alleges that ZAIC is obligated to defend two additional entities (Wyndham Hotels & Resorts, Inc. ("WHRI") and Ramada Franchise Systems, Inc. ("RFSI")) in the Underlying Action and seeks a declaration of the rights and legal relations of the parties. Dorca demands judgment against ZAIC declaring that ZAIC must fully defend WHRI and RFSI in the Underlying Action, fully reimburse WHRI and RFSI for all attorneys' fees and costs incurred to date in the Underlying Action, awarding Dorca all reasonable attorneys' fees and costs incurred in this action, and for such other relief as the court deems fair, equitable and just. (**Exhibit 1**).

13.     In Count Five of Dorca's Complaint, Dorca alleges that, in the event Dorca is found liable to Jane Doe in the Underlying Action under the "beneficiary" theory of liability set forth in Cause of Action 2 in the Third Amended Complaint in the underlying action, ZAIC would be contractually obligated to indemnify Dorca for the full amount of damages awarded to Jane Doe under such theory and Dorca seeks a declaration of the rights and legal relations of the parties in relation to the same. Dorca demands judgment against ZAIC declaring that ZAIC must fully indemnify Dorca for any and all losses which may be awarded to Jane Doe up to the policy limits of the ZAIC policies, awarding Dorca all reasonable attorneys' fees and costs incurred in this action, and for such other relief as the court deems fair, equitable and just. (**Exhibit 1**).

14.     Based on the foregoing, Dorca seeks judgment against ZAIC for reimbursement of defense costs, attorneys' fees, compensatory damages, punitive damages and indemnification damages. (**Exhibit 1**).

15.     Based on the foregoing, the amount in controversy alleged by Dorca in this action exceeds the $75,000 requirement.

-4-

16.     By reason of the foregoing, this action is within the Court's removal jurisdiction, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

17.     Written notice of the filing of this Notice of Removal will be served upon Dorca's counsel as required by law.

18.     A true and complete copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Ocean County, as required by law.

**WHEREFORE**, ZAIC requests that this action be removed from the Superior Court of New Jersey, Law Division, Ocean County to the United States District Court for the District of New Jersey and that the United States District Court for the District of New Jersey issue such orders and process as are necessary to preserve its jurisdiction over this matter.

DATED:  September 3, 2024                     Respectfully submitted,

                                             **WHITE AND WILLIAMS LLP**
                                             *Attorneys for Defendant*
                                             *Zurich American Insurance Company*


                                             BY:     */s/ Gabriel E. Darwick*
                                             _____
                                                     Gabriel E. Darwick, Esq.

33392685v.4

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, other than *Dorca Co., Inc. v. Citizens Ins. Co. of America*, Superior Court of New Jersey, Ocean County, Law Division, Docket No. OCN-L-1931-24 (the "Dorca-Citizens Coverage Action"). In the Dorca-Citizens Coverage Action, Plaintiff Dorca Co., Inc. ("Dorca") seeks a declaratory judgment that provides that Citizens Insurance Company of America ("Citizens") is obligated to defend and indemnify Dorca under an insurance policy issued by Citizens in relation to the same action underlying this matter (*Jane Doe (P.B.) v. Wyndham Hotels & Resorts, Inc., et al.*, Case No. 1:23-cv-01493-ESK-EAP) (the "Underlying Action"), currently pending in the United States District Court for the District of New Jersey. In the Dorca-Citizens Coverage Action, Dorca asserts claims for declaratory judgment, breach of contract and breach of the duty of good faith and fair dealing against Citizens in relation to Citizens' alleged duty to defend Dorca in the Underlying Action. Dorca also asserts claims for declaratory judgment, breach of contract and breach of the duty of good faith and fair dealing against Citizens in relation to Citizens' alleged refusal to defend and indemnify Dorca for direct claims in the Underlying Action asserted against Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn ("WHRI") and Ramada Franchise Sytems, Inc. d/b/a Ramada Inn ("RFSI"). Dorca and Citizens are the only parties to the Dorca-Citizens Coverage Action.

I further hereby certify that the matter in controversy is not the subject of any pending arbitration or administrative proceeding.

I further hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: September 3, 2024          ___/s/ Gabriel E. Darwick_____
                                  Gabriel E. Darwick, Esq.

-6-

33392685v.4

**WHITE AND WILLIAMS LLP**
One Gateway Center, Suite 910
Newark, New Jersey  07102
(201) 368-7200
darwickg@whiteandwilliams.com
*Attorneys for Defendant*
*Zurich American Insurance Company*

33392685v.4

# EXHIBIT 1

**GIORDANO, HALLERAN & CIESLA, P.C.**
**Matthew N. Fiorovanti, Esq. ID-027332006**
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900
Attorneys for Plaintiff, Dorca Co., Inc.

| | |
|---|---|
| DORCA CO., INC. | SUPERIOR COURT OF NEW JERSEY |
|          Plaintiff, | LAW DIVISION |
| | OCEAN COUNTY |
|     v. | |
| | DOCKET NO. OCN-L-1930-24 |
| ZURICH AMERICAN INSURANCE | |
| COMPANY, | Civil Action |
|          Defendant. | **SUMMONS** |

**TO:**   **Zurich American Insurance Company**
       **c/o New Jersey Department of Banking and Insurance**
       **1299 Zurich Way, 5th Floor**
       **Schaumberg, IL 60196**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf

/s  Michelle M. Smith_____

MICHELLE M. SMITH,

Clerk of the Superior Court

Dated:  August 1, 2024

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

Docs #4774760-v1

**GIORDANO, HALLERAN & CIESLA, P.C.**
**Matthew N. Fiorovanti, Esq. ID-027332006**
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701
(732) 741-3900
Attorneys for Plaintiff, Dorca Co., Inc.

| | |
|---|---|
| DORCA CO., INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br><br>      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br><br>DOCKET NO. OCN-L-_____<br><br><u>Civil Action</u><br><br>**COMPLAINT, CERTIFICATION<br>PURSUANT TO <u>R.</u> 4:5-1,<br>DESIGNATION OF TRIAL<br>COUNSEL** |

Plaintiff, Dorca Co., Inc. ("*Dorca*" or "*Plaintiff*"), by way of Complaint against defendant

Zurich American Insurance Company ("*Zurich*" or "*Defendant*"), hereby says:

## <u>NATURE OF CLAIM</u>

1.  Plaintiff seeks a declaratory judgment that provides that Defendant is obligated to

defend and indemnify Plaintiff under an insurance policy in an underlying action captioned <u>Jane</u>

<u>Doe (P.B.) v. Wyndham Hotels & Resorts, Inc. et al.</u>, Case No. 1:23-cv-01493-ESK-EAP (the

"*TVPRA Action*"), currently pending in the United States District Court for the District of New

Jersey.  In the TVPRA Action, Jane Doe seeks to recover monetary damages against Plaintiff under

the Trafficking Victims Protection Reauthorization Act ("*TVPRA*"), 18 <u>U.S.C.</u> § 1581 <u>et seq.</u>

Specifically, Jane Doe alleges, in part, that Dorca, which operated as a franchisee the Ramada Inn

hotel located at 2373 US Route 9, Toms River, New Jersey (the "*Hotel*"), knowingly benefitted

from Jane Doe's sex trafficking at the hotel through the renting of hotel rooms which Dorca "***knew***

***or should have known***," based on alleged "red flag" indicia of trafficking, were being used in

connection with Jane Doe's sex trafficking.  Under the civil remedy provision of the TVPRA, Jane

Doe does not need to prove that Dorca *intentionally* participated in the sex trafficking of Plaintiff in order to recover under the alleged "beneficiary" theory of liability under the TVPRA.

While Zurich has agreed to participate in the defense of Dorca in the TVPRA Action, it has only agreed to pay 50% of Dorca's defense costs, subject to a further reduction in the hourly rate of Dorca's attorneys.  Zurich has subjectively decided that since Jane Doe's alleged trafficking in the TVPRA Action occurred during the time period of 2015 through 2017, which is covered by the Policies issued by Zurich as well as by an insurance policy issued by Citizens Insurance Company of America ("*Citizens*"), Zurich is only responsible for 50% of the defense costs.  Meanwhile, despite the fact that the insuring provision of the policies are identical, Citizens has flatly refused to defend Dorca at all.

Under New Jersey law, the general rule in cases containing a mix of covered and uncovered claims is that an insurer's duty to reimburse is limited to allegations covered under the policy, provided that the defense costs can be apportioned between the covered and non-covered claims. However, where the defense costs cannot be apportioned, the insurer must assume the cost of the defense for both covered and uncovered claims.  Here, it is impossible to apportion the defense costs between covered and non-covered claims based on the policy years.  Through this action, Plaintiff hereby seeks a declaration that Zurich must fully defend Dorca in the TVPRA Action, along with an award of attorneys' fees and costs incurred in this matter pursuant to R. 4:42-9(a)(6).

## JURISDICTION & VENUE

2.      Jurisdiction is proper over Defendant on the grounds that Defendant engages in business in the State of New Jersey and issues insurance policies to residents of the State of New Jersey.

2

3.      Venue is laid pursuant to and in accordance with R. 4:3-2, as the cause of action arose in Ocean County.

## PARTIES

4.      Plaintiff, Dorca Co., Inc., is a corporation formed under the laws of the State of New Jersey with a principal place of business at 399 Monmouth Street, East Windsor, New Jersey 08520.

5.      Defendant, Zurich American Insurance Company, is an insurance company with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196.  Zurich is a Licensed Insurance Carrier by the State of New Jersey, Department of Banking & Insurance, and issues insurance policies to residents of New Jersey.

## SPECIFIC ALLEGATIONS

**I.      The Insurance Policies**

6.      Zurich issued Commercial Insurance Policies to Dorca bearing policy numbers CPO 0146802 00 (with a policy period of September 1, 2016 to September 1, 2017) and CPO 0146802 01 (with a policy period of September 1, 2017 to September 1, 2018) (the "*Policies*").

7.      The Policies required Dorca to pay an annual premium in the amount of $526,939 to Zurich.

8.      In consideration of the premium, Zurich agreed to provide insurance as follows:

**Section I – COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

**1.  Insuring Agreement**

   **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend against any "suit" seeking damages for "bodily injury" or

3

"property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

9.      Section I(2) of the Policy described the exclusions to insurance coverage.

10.     In pertinent part, Section I(2)(a) of the Policy provides that this insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

11.     In addition, Section I(2)(b) of the Policy provided that this insurance does not apply to:

**b.  Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement.

12.     However, Section I(2)(b) of the Policy set forth an exception to the "Contractual Liability" exclusion as follows:

This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the

4

#10861618v1

contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

## II.    The TVPRA Action

13.    On or about March 17, 2023, Jane Doe (P.B.) instituted the TVPRA Action through the filing of a one-count Original Complaint against Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn ("*WHRI*"), Ramada Franchise Systems, Inc. d/b/a Ramada Inn ("*RFSI*"), DT-DT07 Mazel LLC and CT-CT07 Mazel LLC (together, the "*Mazel Entities*") in the United States District Court for the District of New Jersey in which Jane Doe sought to recover monetary damages under the TVPRA.

14.    The Mazel Entities are affiliates of Hotels Unlimited and Dorca and are named insureds under the Policy.   However, the Mazel Entities did not own or operate the Hotel during the relevant time period and were improperly named as defendants in the TVPRA Action. Ultimately, Dorca was replaced as the proper franchisee defendant in subsequent amended complaints, but the substantive allegations asserted against the Mazel Entities in the Original Complaint were reiterated in subsequent versions of the complaints in the TVPRA Action.

15.    In the TVPRA Action, Jane Doe alleged that she was trafficked at the Hotel on several instances during the time period of 2015 through 2017.

16.    Jane Doe alleged that her trafficking was allowed to continue at the Hotel despite the "obvious signs" of sex trafficking.  Specifically, Jane Doe alleged that had the Mazel Entities

5

"properly followed the franchise policies purportedly enacted by [WRHI] and [RFSI] to identify and prevent trafficking from occurring at Ramada branded hotels as described above, Jane Doe's trafficking would have been identified and reported, which would have prevented her trafficking at the subject Ramada Inn."

17.     Jane Doe specifically alleged that the Mazel Entities "knew **or should have known** that they were participating in a venture involving the trafficking, harboring, and maintenance of sex trafficking victims in exchange for financial benefits, in violation of the TVPRA, 18 U.S.C. § 1591, et seq." See ¶ 73 of the Original Complaint in the TVPRA Action (emphasis added).

18.     Jane Doe alleged that there were numerous "red flags" which should have alerted the Mazel Entities to her sex trafficking at the Hotel, and that "[d]espite Defendants' knowledge of Jane Doe's sex trafficking, Jane Doe's trafficker was able to continue renting rooms for the sexual exploitation of Jane Doe at the subject Ramada Inn," and that the Mazel Entities therefore "participated in a venture with, among others, Jane Doe's traffickers." Id. at ¶¶ 74-75.

19.     Jane Doe requested the entry of judgment awarding her monetary damages under 18 U.S.C. § 1595(a), the civil remedy provision of the TVPRA.

20.     The TVPRA provides a civil remedy as follows:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (**or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter**) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

> [18 U.S.C. § 1595(a) (emphasis added)].

21.     Thus, there are two separate potential bases of civil liability under the TVPRA: "perpetrator" liability or "beneficiary" liability.

6

22.     With regard to "perpetrator" liability theory, a "perpetrator" is someone who has

violated 18 <u>U.S.C.</u> 1591(a), which sets forth the criminal offense of sex trafficking as follows:

Whoever knowingly—

> **(1)** in or affecting interstate or foreign commerce, or within the special
> maritime and territorial jurisdiction of the United States, recruits, entices,
> harbors, transports, provides, obtains, advertises, maintains, patronizes, or
> solicits by any means a person; or

> **(2)** benefits, financially or by receiving anything of value, from participation in
> a venture which has engaged in an act described in violation of paragraph (1),

> knowing, or, except where the act constituting the violation of paragraph (1) is
> advertising, in reckless disregard of the fact, that means of force, threats of force,
> fraud, coercion described in subsection (e)(2), or any combination of such means
> will be used to cause the person to engage in a commercial sex act, or that the person
> has not attained the age of 18 years and will be caused to engage in a commercial
> sex act, shall be punished as provided in subsection (b).

23.     A criminal violation of the TVPRA requires "knowing" or "reckless disregard" of

a sex trafficking venture.

24.     However, the phrase "knew or should have known" as set forth in the "beneficiary"

liability prong of Section 1595(a) echoes common language used in describing an objective

standard of negligence.

25.     There is no "knowingly" state of mind requirement to "beneficiary" liability under

Section 1595.

26.     Thus, under the TVPRA, the Mazel Entities (and, ultimately, Dorca) can be liable

for monetary damages to Jane Doe under the "beneficiary" theory of liability under Section

1595(a) without <u>intentionally</u> participating in a sex trafficking venture.

27.     Jane Doe's allegations that the Mazel Entities—and later Dorca—are liable as a

"beneficiary" under 18 <u>U.S.C.</u> § 1595(a) therefore do not trigger the Expected or Intended Injury

exclusion in the Policy.

7

28.     On or about July 31, 2023, Jane Doe filed the First Amended Complaint in the TVPRA Action.

29.     The First Amended Complaint removed the Mazel Entities as named defendants and replaced them with Dorca, as the properly named franchisee and operator of the Hotel during the relevant time period.

30.     In the First Amended Complaint, Jane Doe again sought to recover money damages from Dorca based on Dorca's alleged violation of the TVPRA.

31.     Once again, the allegations asserted against Dorca in the First Amended Complaint were not exclusively premised on Dorca's actual knowledge or intentional participation in a sex trafficking venture.

32.     Rather, Jane Doe repeatedly alleged in the First Amended Complaint that Dorca "knew, or should have known" about Jane Doe's trafficking at the Hotel.  See, e.g., ¶¶ 38-43, 71 of the First Amended Complaint in the TVPRA Action.

33.     Thus, Jane Doe alleged that Dorca should be held liable under the TVPRA not only for subjecting expecting or intending the injury to Plaintiff (i.e., "perpetrator" liability), but also for ignoring certain signs and indications that should have alerted Plaintiff to the fact of Plaintiff's trafficking (i.e., "beneficiary" liability).

34.     As discussed above, Jane Doe's allegations that Dorca is liable as a "beneficiary" under 18 U.S.C. § 1595(a) does not trigger the Expected or Intended Injury exclusion in the Policy and does not implicate any criminal conduct.

35.     By order dated December 26, 2023 in the TVPRA Action, the United States District Court for the District of New Jersey granted in part and denied in part the motion to dismiss filed by WHRI and RFSI, dismissing Jane Doe's claims against WHRI and RFSI for direct liability

8

without prejudice, but granting Jane Doe leave to file a Second Amended Complaint to remedy the defects identified in a written opinion issued by the Court on that same date.

36.     On January 25, 2024, Jane Doe filed the Second Amended Complaint in the TVPRA Action.

37.     WHRI and RFSI objected to the Second Amended Complaint on the grounds that it did not comply with the Court's directive.

38.     Following a conference with the Court on March 13, 2024, the Court directed Jane Doe to file another amended complaint no later than March 27, 2024.

39.     On March 26, 2024, Jane Doe filed the Third Amended Complaint in the TVPRA Action.

40.     The Third Amended Complaint again names Dorca as a defendant.

41.     However, unlike the prior versions of the complaints filed in the TVPRA Action, the Third Amended Complaint specifically sets forth two (2) causes of action against Dorca: (1) Cause of Action 1: Perpetrator liability under 18 U.S.C. § 1595(a) based on violation of 18 U.S.C. § 1591(a); and (2) Cause of Action 2: Beneficiary Liability under § 1595a) of the TVPRA.

42.     In Cause of Action 1, Jane Doe alleges that Dorca is a perpetrator within the meaning of 18 U.S.C. § 1595(a) because it violated 18 U.S.C. § 1591(a)(1) when it harbored individuals (including Jane Doe) knowingly or in reckless disregard of the fact that the victims would be caused, through force, coercion, or fraud, to engage in commercial acts while at the Hotel, and violated 18 U.S.C. § 1591(a)(2) when it knowingly received financially benefit by knowingly assisting, supporting, or facilitating a venture that was engaged in violations under 18 U.S.C. § 1591(a)(1) at the Hotel.

9

43.     In Cause of Action 2, Jane Doe alleges that "Dorca is liable as a beneficiary within the meaning of 18 U.S.C. § 1595(a) because, in ways further described above, it knowingly benefitted, by receiving additional revenue and other benefits, from its participation in a venture in which it knew ***or should have known*** was engaged in a violation of the TVPRA."  (emphasis added).

44.     Thus, the Third Amended Complaint in the TVPRA Action expressly makes clear that Jane Doe is seeking to recover money damages from Dorca based on two separate, independent theories of liability under the TVPRA: "perpetrator" liability and "beneficiary" liability.

45.     As stated above, "beneficiary" liability under Section 1595 allows for civil liability against Dorca without a finding of intentional or criminal conduct, and Jane Doe's claim under the "beneficiary" liability prong of Section 1595(a) does not implicate the Expected or Intended Injury exclusion in the Policy.

**III.     Zurich Agrees to Pay Only 50% of Dorca's Defense Costs in the TVPRA Action**

46.     Dorca submitted the Third Amended Complaint to Zurich and demanded that Zurich defend and indemnify Dorca in the TVPRA Action.

47.     By letter dated May 24, 2024, Zurich agreed to participate in the defense of Dorca subject to a reservation of rights.

48.     Specifically, Zurich reserved the right to deny coverage under the Policies if it is determined that any alleged "bodily injury" was not caused by an "occurrence" and/or if any "bodily injury" did not place during the policy periods.

10

49.     In addition, Zurich reserved the right to limit or deny coverage should it be determined that any of the actions complained of in the complaint were determined to be expected or intended from the standpoint of the insured.

50.     However, Zurich subjectively limited the amount of defense costs it would reimburse Dorca.

51.     Zurich advised that it was its understanding that Hanover Insurance (via Citizens) had issued policies naming Dorca as an insured from September 1, 2014 through September 1, 2016, and that "[i]f Hanover fails to provide a defense to Dorca, Zurich will seek defense and indemnity contribution from Dorca for the uncovered policy periods."

52.     By email dated June 3, 2024, Andrew Tarnoff, Assistant Vice President, Latent & Environmental Claims for Zurich, advised Dorca that since the claimant alleges 2015-2017 as the years of alleged sex trafficking at the hotel, Zurich, which issued policies which covered two (2) of the four (4) years, "will contribute 50% to the defense of the above counsel rates [$350 partner/ $225 associate/ $150 paralegal]."

53.     By letter dated July 1, 2024, Dorca, through counsel, demanded that Zurich pay 100% of the defense costs incurred by Dorca in the TVPRA Action.

54.     Dorca asserted that because the defense costs incurred by Dorca in the TVPRA Action cannot be aggregated or apportioned based on any given policy period, Zurich must assume the cost of the defense of both covered and non-covered claims under New Jersey law.

55.     In addition, Dorca demanded that Zurich provide insurance coverage for Dorca's contractual indemnification obligation to defend and indemnify WHRI and RFSI.

56.     On or about April 19, 2011, Dorca and Ramada Worldwide, Inc. ("*Ramada Worldwide*") entered into the Ramada Worldwide Inc. Franchise Agreement (the "*Franchise Agreement*").

57.     The Franchise Agreement set forth the terms of Dorca's operation of a Ramada-franchise hotel.

58.     Section 8.1 of the Franchise Agreement obligates Dorca to "indemnify, defend and hold the Indemnitees", which term is defined to mean Ramada Worldwide, its direct and indirect parent and its subsidiary and sister corporations, which include WHRI and RFSI, "harmless ... from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility...".

59.     Section 8.2 of the Franchise Agreement provides:

> You will respond promptly to any matter described in the preceding paragraph, and defend the Indemnitee. You will reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest.

60.     Thus, the Franchise Agreement constitutes an insured contract which triggers an obligation under Section I(A) of the Policy for Citizens to pay those attorneys' fees and costs incurred by Dorca in defending and indemnifying WHRI and RFSI in the TVPRA Action.

61.     Dorca demanded that Zurich confirm that it shall provide insurance coverage in connection with Dorca's indemnification obligations owed to WHRI and RFSI.

62.     By email dated July 2, 2024, Zurich responded that "Zurich has 50% of the time-on-the-risk and we are paying 50% of the defense costs."

12

63.     With respect to the second inquiry (Zurich's obligation to provide insurance coverage for Dorca's defense of WHRI and RFSI in the TVPRA Action), Zurich asserted that "Zurich and Hanover are jointly defending Ramada Inn in the [TVPRA Action], as Ramada is an additional insured under both Zurich and Hanover policies."

64.     This fact was never previously disclosed to Dorca.

## COUNT ONE

### (Declaratory Judgment – Duty to Defend Dorca in the TVPRA Action)

65.     Plaintiff repeats and realleges each of the allegations of the Complaint as if fully set forth at length herein.

66.     Under New Jersey law, an insurer such as Zurich is contractually obligated to defend the insured with a defense against all actions covered by the Policy.

67.     Zurich's duty to defend depends upon a comparison between the allegations set forth in the Third Amended Complaint in the TVPRA Action and the language of the Policy.

68.     In making such comparison, it is the nature of the claim asserted, rather than the specific details of the incident or the litigation's possible outcome, that governs Zurich's obligation to defend Dorca.

69.     Under New Jersey law, the general rule in cases containing a mix of covered and uncovered claims is that an insurer's duty to reimburse is limited to allegations covered under the policy, provided that the defense costs can be apportioned between the covered and non-covered claims.

70.     However, where the defense costs cannot be apportioned, the insurer must assume the cost of the defense for both covered and uncovered claims.

13

71.    Here, it is impossible to apportion the defense costs between covered and non-covered claims based on the policy years.

72.    As such, under New Jersey law, Zurich must assume 100% of the cost of Dorca's defense in the TVPRA Action.

73.    Plaintiff hereby seeks a declaration of the rights and legal relations of the parties with regard to the obligation of Zurich to fully defend Dorca in the TVPRA Action.

**WHEREFORE**, Plaintiff demands judgment against Defendant declaring that Defendant must fully defend Plaintiff in the TVPRA Action, fully reimburse Plaintiff for all attorneys' fees and costs incurred to date in the TVPRA Action, awarding Plaintiff all reasonable attorneys' fees and costs incurred in this action pursuant to R. 4:42-9(a)(6), and for such other relief as this court deems fair, equitable and just.

<u>**COUNT TWO**</u>
**(Breach of Contract – Refusal to Defend Dorca in the TVPRA Action)**

74.    Plaintiff repeats and realleges each of the allegations in the Complaint as if fully set forth at length herein.

75.    Defendant breached its insurance contract with Plaintiff by failing to fully defend Dorca in the TVPRA Action.

76.    As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has been and will continue to be substantially damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant declaring that Defendant must fully defend Plaintiff in the TVPRA Action, fully reimburse Plaintiff for all attorneys' fees and costs incurred to date in the TVPRA Action, awarding Plaintiff all reasonable attorneys' fees and costs incurred in this action pursuant to R. 4:42-9(a)(6), compensatory damages, and for such other relief as this court deems fair, equitable and just.

14

## COUNT THREE

### (Breach of Duty of Good Faith and Fair Dealing –
### Refusal to Defend Dorca in the TVPRA Action)

77.     Plaintiff repeats and realleges each of the allegations in the Complaint as if fully
set forth at length herein.

78.     Defendant owed Plaintiff a duty of good faith and fair dealing in handling its claim
for insurance coverage under the Policy.

79.     Defendant breached its duty of good faith and fair dealing by refusing to fully
defend Plaintiff in the TVPRA Action.

80.     Defendant based its refusal to defend on Dorca on a self-serving interpretation of
the claims contained within the Third Amended Complaint whereby, according to Defendant, the
duration of the alleged wrongdoing occurred was equally and consistently allocated throughout
the period of 2015 through 2017.

81.     Moreover, Zurich ignored Dorca's assertion that its defense will be the same for
both the covered policy period and uncovered policy period as it is Dorca's position that at no time
was it aware or should have been aware that the alleged trafficking of Plaintiff was taking place at
the Hotel.

82.     As a result of Defendant's egregious bad faith, Plaintiff has been and will continue
to be substantially damaged.

**WHEREFORE**, Plaintiff demand judgment against Defendant declaring that Defendant
must fully defend Plaintiff in the TVPRA Action, fully reimburse Plaintiff for all attorneys' fees
and costs incurred to date in the TVPRA Action, awarding Plaintiff all reasonable attorneys' fees
and costs incurred in this action pursuant to R. 4:42-9(a)(6), compensatory damages, punitive
damages, and for such other relief as this court deems fair, equitable and just.

15

## COUNT FOUR

**(Declaratory Judgment – Duty to Defend WHRI and RFSI in the TVPRA Action)**

83.     Plaintiff repeats and realleges each of the allegations in the Complaint as if fully set forth at length herein.

84.     Under Section 1(A) of the Policy, Zurich is obligated to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

85.     The Policy further provide that Zurich has "the right <u>and duty</u> to defend the insured against any 'suit' seeking those damages."

86.     Section 1(A)(2)(b) provides that the insurance does <u>not</u> apply to "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

87.     However, the Policy contains an exception to this exclusion as follows: "This exclusion does not apply to liability for damages: … (2) Assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement."

88.     Significantly, the Policy further provides that "[s]olely for the purposes of liability assumed in an 'insured contract', reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of 'bodily injury' or 'property damage', provided: (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same 'insured contract'; and (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged."

16

89.     Under Section 8.1 of the Franchise Agreement, Dorca is contractually obligated to "indemnify, defend and hold the Indemnitees [Ramada Worldwide] harmless ... from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility...".

90.     Under Section 8.2 of the Franchise Agreement, Dorca is contractually obligated to "reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."

91.     The Franchise Agreement constitutes an insured contract which triggers an obligation under the Policies for Zurich to pay those attorneys' fees and costs incurred by WHRI and RFSI in defending the TVPRA Action.

92.     While Zurich has advised that Zurich and Citizens are jointly defending WHRI and RFSI in the TVPRA Action, Zurich has not provided any evidence of such defense or other information or materials to enable Dorca to demonstrate that it has satisfied its own contractual defense and indemnity obligations.

93.     Plaintiff hereby seeks a declaration of the rights and legal relations of the parties with regard to the obligation of Zurich to defend WHRI and RFSI in the TVPRA Action.

**WHEREFORE**, Plaintiff demands judgment against Defendant declaring that Defendant must fully defend WHRI and RFSI in the TVPRA Action, fully reimburse WHRI and RFSI for all attorneys' fees and costs incurred to date in the TVPRA Action, awarding Plaintiff all reasonable

17

attorneys' fees and costs incurred in this action pursuant to R. 4:42-9(a)(6), and for such other relief as this court deems fair, equitable and just.

## COUNT FIVE

### (Declaratory Judgment – Duty to Indemnify Dorca For Direct Claims in the TVPRA Action)

94. Plaintiff repeats and realleges each of the allegations in the Complaint as if fully set forth at length herein.

95. Under the Policy, Zurich is obligated to pay those sums that Dorca becomes legally obligated to pay as damages because of "bodily injury" or "property damage."

96. In the TVPRA Action, Jane Doe alleges that she suffered bodily injury as well as property damage within the meaning of the Policy.

97. Specifically, in Cause of Action 2 in the Third Amended Complaint in the TVPRA Action, Jane Doe alleges that "Dorca is liable as a beneficiary within the meaning of 18 U.S.C. § 1595(a) because, in ways further described above, it knowingly benefitted, by receiving additional revenue and other benefits, from its participation in a venture in which it knew or should have known was engaged in a violation of the TVPRA."

98. The "beneficiary" theory of liability set forth in Cause of Action 2 in the Third Amended Complaint does not trigger the Expected or Intended Injury exclusion contained in the Policy.

99. Exclusions within the Policy, including the Expected or Intended Injury exclusion, must be strictly construed against Zurich.

100. As discussed above, Section 1595 allows for civil liability against facilitators who benefit from what they knew or should have known is a sex trafficking venture.

18

101. There is no "knowingly" state of mind requirement to "beneficiary" liability under Section 1595 as alleged in Cause of Action 2 in the Third Amended Complaint in the TVPRA Action.

102. Jane Doe's claim in Cause of Action 2 in the Third Amended Complaint that Dorca knew or should have known of the existence of Jane Doe's trafficking at the Hotel does not implicate intentional conduct and does not trigger the Expected or Intended Injury exclusion in the Policy.

103. Thus, in the event Dorca is found liable to Jane Doe in the TVPRA Action under the "beneficiary" theory of liability set forth in Cause of Action 2 in the Third Amended Complaint, Zurich would be contractually obligated to indemnify Dorca for the full amount of damages awarded to Jane Doe under such theory.

104. Plaintiff hereby seeks a declaration of the rights and legal relations of the parties with regard to the obligation of Zurich to indemnify Dorca in the TVPRA Action.

**WHEREFORE**, Plaintiff demands judgment against Defendant declaring that Defendant must fully indemnify Plaintiff under the Policy for any and all losses which may be awarded to Jane Doe up to the limits of the Policy, awarding Plaintiffs all reasonable attorneys' fees and costs incurred in this action pursuant to R. 4:42-9(a)(6), and for such other relief as this court deems fair, equitable and just.

## <u>CERTIFICATION PURSUANT TO R. 4:5-1</u>

The undersigned hereby certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, other than the related matter captioned <u>Dorca Co., Inc. v. Citizens Insurance Company of America</u>, filed simultaneously in the Superior Court of New Jersey, Law Division, Ocean County, and the matter captioned <u>Jane Doe (P.B.) v. Wyndham</u>

19

Hotels & Resorts, Inc. et al., Case No. 1:23-cv-01493-ESK-EAP, pending in the United States District Court for the District of New Jersey.    No other action or arbitration proceeding is contemplated.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Matthew N. Fiorovanti, Esq. is hereby designated as trial counsel.


GIORDANO, HALLERAN & CIESLA, P.C.
Attorneys for Plaintiff, Dorca Co., Inc.


By: _/s Matthew N. Fiorovanti_____
MATTHEW N. FIOROVANTI, ESQ.

DATED:  July 30, 2024

20

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001930-24**

**Case Caption:** DORCA CO., INC.   VS ZURICH AMERICAN INSU RANCE C

**Case Initiation Date:** 07/30/2024

**Attorney Name:** MATTHEW NICHOLAS FIOROVANTI

**Firm Name:** GIORDANO HALLERAN & CIESLA, PC

**Address:** 125 HALF MILE ROAD SUITE 300
RED BANK NJ 07701

**Phone:** 7327413900

**Name of Party:** PLAINTIFF : Dorca Co., Inc.

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** Civil Case No. 1:23-cv-01493. Have not received docket number yet for Dorca v. Citizens Ins. Co.

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Dorca Co., Inc.?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
        **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/30/2024
Dated

/s/ MATTHEW NICHOLAS FIOROVANTI
Signed



STATE OF
DEPARTMI
PO BOX 325
TRENTON, NJ 08625-0325

7022 2410 0003 3329 6741

Zurich American Insurance Company
Attn: Corporate Secretary
1299 Zurich Way, 5th Floor
Schaumburg, IL 60196

RETURN RECEIPT
REQUESTED





# EXHIBIT 2



## State of New Jersey
### Department of Banking and Insurance
### Office of the Commissioner

**Phil Murphy**
*Governor*

PO Box 325
Trenton, NJ 08625-0325

**Justin Zimmerman**
*Acting Commissioner*

**Tahesha L. Way**
*Lt. Governor*

Tel (609) 633-7667

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

8/5/2024

Attention:

CORPORATION SERVICE COMPANY
ZURICH AMERICAN INSURANCE COMPANY
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BOULEVARD, SUITE 160
EWING, NJ 08628

RE: Dorca Co., Inc. v. Zurich American Insurance Company,
Superior Court of New Jersey, Ocean County Law Division
Docket No.:  OCN-L-1930-24

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

Margie Greco
Administrative Assistant

C:  Giordano, Halleran & Ciesla, PC
ATTN:  Sean W. Clark, Esq.
125 Half Mile Road., Suite 300
Red Bank, NJ 07701-6777




# EXHIBIT 3

**GABRIEL E. DARWICK (398012023)**
WHITE AND WILLIAMS LLP
One Gateway Center, Suite 910
Newark, New Jersey 07102
*Attorneys for Defendant, Zurich American Insurance Company*

| | |
|---|---|
| DORCA CO., INC.,<br><br>                    Plaintiff,<br><br>    *v.*<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>              Defendant. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY, LAW DIVISION<br><br>    DOCKET NO.: OCN-L-1930-24<br><br>        CIVIL ACTION<br><br>**STIPULATION EXTENDING<br>TIME TO ANSWER, MOVE OR<br>OTHERWISE RESPOND** |

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for Defendant, Zurich American Insurance company, and Plaintiff, Dorca Co., Inc., that the time to answer, move or otherwise respond to the Complaint, is extended until October 9, 2024.

Dated: August 20, 2024                        Dated: August 20, 2024


 */s/ Matthew N. Fiorovanti*               */s/ Gabriel Darwick*
Matthew N. Fiorovanti, Esq.             Gabriel Darwick, Esq.
Giordano Halleran & Ciesla              White and Williams LLP
125 Half Mile Road, Suite 300         One Gateway Center, Suite 910
Red Bank, NJ 07701                    Newark, NJ 07102
Phone: 723-334-6599                  Phone: 201-368-7228
E-mail: mfiorovanti@ghclaw.com       E-mail: darwickg@whiteandwilliams.com
*Attorneys for Plaintiff,*                  *Attorneys for Defendant,*
*Dorca Co., Inc.*                            *Zurich American Insurance Company*

# EXHIBIT 4

# Department of Financial Services

## DFS Portal

| Consumer Information | Applications & Filings | Industry Guidance | Reports & Publications | Contact Us |

### Ins. Company Search

#### Search Results

Company Search | Print or Save Results | Save With Address

Total 2 Zurich American Insurance Company

| NAIC# | Company Name | Org | Domicile | Group# | Group Name | Fid | Website |
|---|---|---|---|---|---|---|---|
| 16535 | Zurich American Insurance Company | PC | New York | 212 | Zurich Insurance Group | 364233459 | WWW.ZURICHNA.COM |
| 27855 | Zurich American Insurance Company of Illinois | PC | Illinois | 212 | Zurich Insurance Group | 362761080 | www.zurichna.com |

## Who We Supervise

### Institutions That We Supervise

The Department of Financial Services supervises many different types of institutions. Supervision by DFS may entail chartering, licensing, registration requirements, examination, and more.

Learn More

### Need technical help with this Portal? Submit a Portal Help Form

DFS Home | Accessibility | Privacy | Disclaimer | Language Access | Contact DFS